**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTOPHER KLEIN, | : | |
| | : | |
| Petitioner | : | |
| vs. | : | CIVIL NO. 3:CV-07-0701 |
| | : | |
| WARDEN KAREN HOGSTEN, | : | (Judge Caputo) |
| | : | |
| Respondent. | : | |

*O R D E R*

*THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:*

Petitioner, Christopher Klein, filed this pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the Bureau of Prisons ("BOP") calculation of his sentence. At the time of filing this Petition, Klein was serving a 25 year sentence imposed by the United States Army for second degree murder. (Doc. 1, Petition.) Initially confined at the United States Army Disciplinary Barracks at Ft. Leavenworth ("USDB"), Kansas, Klein was transferred to the custody of the Federal Bureau of Prisons ("BOP") in 2007 to serve the remainder of his sentence. Klein claims the BOP improperly denied him 75 days "Earned Abatement Time / Industrial Good Time." (*Id*.) Petitioner also presents an Equal Protection claim based on his belief that he has not received "the statutory good time to which he is entitled accredited on an equal status with non-military B.O.P. prisoners." (*Id*.) A response was filed on June 18, 2007, and noted that Klein was released to a halfway

house on May 7, 2007.  (*See* Doc. 11, Response at fn. 1.)  A review of the BOP's website reveals that Klein was released from custody on October 30, 2007, at the expiration of his sentence of confinement.  *See* www.bop.gov, Inmate Locator.   For the reasons set forth below, the § 2241 petition will be dismissed as moot.

A petitioner may challenge the execution of his sentence, which includes the BOP's computation of a prisoner's sentence, via 28 U.S.C. § 2241.  *Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009) (citing *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-43 (3d Cir. 2005)).  Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.  *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982).  The relevant inquiry in such a scenario becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution.  *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-241 (3d Cir. 2007).   The crucial issue is whether the petitioner can demonstrate the existence of collateral consequences, i.e., "some concrete and continuing injury other than the now-ended incarceration or parole."  *Spencer*, 523 U.S. at 7, 118 S.Ct. at 983.  This means that, throughout the litigation, an actual controversy, possible of redress by a favorable judicial decision, must exist.  *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002).  Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction.  *Spencer*, 523 U.S. at 7-8, 118 S.Ct. at 983.  By contrast, challenges to a the execution of a sentence that has already been served will not be

presumed.  *Spencer*, 523 U.S. at 12 - 14, 118 S.Ct. at 985-986.  *See also Burkey*, 556 F.3d at 148-49.

In the instant case, Klein is no longer incarcerated and he is not challenging his underlying conviction.  Instead, Klein challenges the actions of the BOP in calculating his Earned Abatement Time / Industrial Good Time and Good Conduct Time.  Assuming, *in arguendo,* that the facts of the Petition are true, the hypothetical grant of the contested days of various earned credits would have accelerated his release from prison.  As he is no longer in custody, his release eliminates the Court's ability to grant him any relief.  Under these circumstances, Klein cannot demonstrate any continuing collateral consequences or injury now that he has been released.  As no live controversy remains, Klein's Petition for Writ of Habeas Corpus will be dismissed as moot.  *See Scott v Schuykill FCI*, 298 Fed. Appx. 202 (3d Cir. 2008).

Accordingly, this **15th** day of **April, 2009**, it is ordered that:

1.  The petition for writ of habeas corpus (Doc. 1) is dismissed as moot.

2. The Clerk of Court is directed to close this file.

 /s/ **A. Richard Caputo**
 **A. RICHARD CAPUTO**
 **United States District Judge**